Anthony G. Brazil (State Bar No. 84297)
Megan S. Wynne (State Bar No. 183707)
Wendi J. Frisch (State Bar No. 211555)
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:    (213) 891-9100
Facsimile:    (213) 488-1178

Attorneys for Defendant
MCKESSON CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WEST,<br><br>                    Plaintiff(s),<br><br>    vs.<br><br>MERCK & COMPANY, INC., a corporation, McKESSON CORPORATION, a corporation, and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.  3:07-CV-06270-MEJ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

Defendant MCKESSON CORPORATION ("Defendant" or "MCKESSON") files the following Answer to the unverified Complaint for Damages ("Complaint") filed in the matter of GEORGE WEST v. MERCK & COMPANY, INC., et al.   (The term "Plaintiff" as used herein shall refer to GEORGE WEST.)   Defendant responds to Plaintiff's Complaint as follows:

## GENERAL ALLEGATIONS

**1.**     MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others.

1   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

2   label, package or repackage these products, nor does it make any representations or

3   warranties as to the products' safety or efficacy.  MCKESSON lacks information or

4   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 1

5   of the Complaint, and therefore denies such allegations.

6        2.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

7   and health and beauty products to chain, independent pharmacy customers and hospitals.

8   As a wholesale distributor, MCKESSON distributes products manufactured by others.

9   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

10  label, package or repackage these products, nor does it make any representations or

11  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

12  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 2

13  of the Complaint, and therefore denies such allegations.

14       3.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

15  and health and beauty products to chain, independent pharmacy customers and hospitals.

16  As a wholesale distributor, MCKESSON distributes products manufactured by others.

17  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

18  label, package or repackage these products, nor does it make any representations or

19  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

20  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 3

21  of the Complaint, and therefore denies such allegations.

22       4.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

23  and health and beauty products to chain, independent pharmacy customers and hospitals.

24  As a wholesale distributor, MCKESSON distributes products manufactured by others.

25  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

26  label, package or repackage these products, nor does it make any representations or

27  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

28  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 4

1 | of the Complaint, and therefore denies such allegations.

2 |     5.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
3 | and health and beauty products to chain, independent pharmacy customers and hospitals.
4 | As a wholesale distributor, MCKESSON distributes products manufactured by others.
5 | As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
6 | label, package or repackage these products, nor does it make any representations or
7 | warranties as to the products' safety or efficacy.  MCKESSON lacks information or
8 | knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 5
9 | of the Complaint, and therefore denies such allegations.

10 |     6.    MCKESSON admits that it is authorized to do business within the State of
11 | California.  MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
12 | and health and beauty products to chain, independent pharmacy customers and hospitals.
13 | As a wholesale distributor, MCKESSON distributes products manufactured by others.
14 | As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
15 | label, package or repackage these products, nor does it make any representations or
16 | warranties as to the products' safety or efficacy.  MCKESSON lacks information or
17 | knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 6
18 | of the Complaint, and therefore denies such allegations.

19 |     7.    MCKESSON lacks information or knowledge sufficient to admit or deny the
20 | allegations contained in Paragraph 7 of the Complaint, and therefore denies such
21 | allegations.

22 |     8.    MCKESSON lacks information or knowledge sufficient to admit or deny the
23 | allegations contained in Paragraph 8 of the Complaint, and therefore denies such
24 | allegations.

25 |     9.    MCKESSON lacks information or knowledge sufficient to admit or deny the
26 | allegations contained in Paragraph 9 of the Complaint, and therefore denies such
27 | allegations.

28 |     10.    MCKESSON lacks information or knowledge sufficient to admit or deny the

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    allegations contained in Paragraph 10 of the Complaint, and therefore denies such
2    allegations.

3        11.    MCKESSON lacks information or knowledge sufficient to admit or deny the
4    allegations contained in Paragraph 11 of the Complaint, and therefore denies such
5    allegations.

6                        **JURISDICTION AND VENUE**

7        12.    MCKESSON admits that it is authorized to do business within the State of
8    California.  MCKESSON lacks information or knowledge sufficient to admit or deny the
9    remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies
10   such allegations.

11       13.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
12   and health and beauty products to chain, independent pharmacy customers and hospitals.
13   As a wholesale distributor, MCKESSON distributes products manufactured by others.
14   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
15   label, package or repackage these products, nor does it make any representations or
16   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
17   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
18   13 of the Complaint, and therefore denies such allegations.

19                        **INJURED PLAINTIFF**

20       14.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
21   and health and beauty products to chain, independent pharmacy customers and hospitals.
22   As a wholesale distributor, MCKESSON distributes products manufactured by others.
23   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
24   label, package or repackage these products, nor does it make any representations or
25   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
26   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
27   14 of the Complaint, and therefore denies such allegations.

28   ///

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

**DEFENDANTS**

2    15.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

3  and health and beauty products to chain, independent pharmacy customers and hospitals.

4  As a wholesale distributor, MCKESSON distributes products manufactured by others.

5  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

6  label, package or repackage these products, nor does it make any representations or

7  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

8  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

9  15 of the Complaint, and therefore denies such allegations.

10    16.    MCKESSON lacks information or knowledge sufficient to admit or deny the

11  allegations contained in Paragraph 16 of the Complaint, and therefore denies such

12  allegations.

13    17.    MCKESSON lacks information or knowledge sufficient to admit or deny the

14  allegations contained in Paragraph 17 of the Complaint, and therefore denies such

15  allegations.

16    18.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

17  and health and beauty products to chain, independent pharmacy customers and hospitals.

18  As a wholesale distributor, MCKESSON distributes products manufactured by others.

19  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

20  label, package or repackage these products, nor does it make any representations or

21  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

22  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

23  18 of the Complaint, and therefore denies such allegations.

24

**FACTUAL ALLEGATIONS**

25    19.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

26  and health and beauty products to chain, independent pharmacy customers and hospitals.

27  As a wholesale distributor, MCKESSON distributes products manufactured by others.

28  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  label, package or repackage these products, nor does it make any representations or
2  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
3  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
4  19 of the Complaint, and therefore denies such allegations.

5  20.  MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
6  and health and beauty products to chain, independent pharmacy customers and hospitals.
7  As a wholesale distributor, MCKESSON distributes products manufactured by others.
8  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
9  label, package or repackage these products, nor does it make any representations or
10  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
11  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
12  20 of the Complaint, and therefore denies such allegations.

13  21.  MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
14  and health and beauty products to chain, independent pharmacy customers and hospitals.
15  As a wholesale distributor, MCKESSON distributes products manufactured by others.
16  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
17  label, package or repackage these products, nor does it make any representations or
18  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
19  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
20  21 of the Complaint, and therefore denies such allegations.

21  22.  MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
22  and health and beauty products to chain, independent pharmacy customers and hospitals.
23  As a wholesale distributor, MCKESSON distributes products manufactured by others.
24  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
25  label, package or repackage these products, nor does it make any representations or
26  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
27  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
28  22 of the Complaint, and therefore denies such allegations.

23.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others. As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. MCKESSON lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 23 of the Complaint, and therefore denies such allegations.

24.    MCKESSON lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint, and therefore denies such allegations.

25.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others. As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. MCKESSON lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 25 of the Complaint, and therefore denies such allegations.

26.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others. As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy. MCKESSON lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint, and therefore denies such allegations.

27.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  and health and beauty products to chain, independent pharmacy customers and hospitals.

2  As a wholesale distributor, MCKESSON distributes products manufactured by others.

3  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

4  label, package or repackage these products, nor does it make any representations or

5  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

6  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

7  27 of the Complaint, and therefore denies such allegations.

8        28.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

9  and health and beauty products to chain, independent pharmacy customers and hospitals.

10  As a wholesale distributor, MCKESSON distributes products manufactured by others.

11  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

12  label, package or repackage these products, nor does it make any representations or

13  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

14  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

15  28 of the Complaint, and therefore denies such allegations.

16        29.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

17  and health and beauty products to chain, independent pharmacy customers and hospitals.

18  As a wholesale distributor, MCKESSON distributes products manufactured by others.

19  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

20  label, package or repackage these products, nor does it make any representations or

21  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

22  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

23  29 of the Complaint, and therefore denies such allegations.

24        30.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

25  and health and beauty products to chain, independent pharmacy customers and hospitals.

26  As a wholesale distributor, MCKESSON distributes products manufactured by others.

27  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

28  label, package or repackage these products, nor does it make any representations or

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  warranties as to the products' safety or efficacy. MCKESSON lacks information or
2  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
3  30 of the Complaint, and therefore denies such allegations.

4      31.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
5  and health and beauty products to chain, independent pharmacy customers and hospitals.
6  As a wholesale distributor, MCKESSON distributes products manufactured by others.
7  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
8  label, package or repackage these products, nor does it make any representations or
9  warranties as to the products' safety or efficacy. MCKESSON lacks information or
10 knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
11 31 of the Complaint, and therefore denies such allegations.

12     32.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
13 and health and beauty products to chain, independent pharmacy customers and hospitals.
14 As a wholesale distributor, MCKESSON distributes products manufactured by others.
15 As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
16 label, package or repackage these products, nor does it make any representations or
17 warranties as to the products' safety or efficacy. MCKESSON lacks information or
18 knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
19 32 of the Complaint, and therefore denies such allegations.

20 **FIRST CAUSE OF ACTION**

21 **(Strict Liability–Failure to Warn and Design Defect**
    **Defendant Merck & Company, Inc., McKesson Corporation;**
22     **Does 1 through 100, inclusive)**

23     33.    MCKESSON incorporates by reference its responses Paragraphs 1 through
24 32 of the Complaint as if fully set forth herein.

25     34.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
26 and health and beauty products to chain, independent pharmacy customers and hospitals.
27 As a wholesale distributor, MCKESSON distributes products manufactured by others.
28 As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

1 label, package or repackage these products, nor does it make any representations or
2 warranties as to the products' safety or efficacy. MCKESSON lacks information or
3 knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
4 34 of the Complaint, and therefore denies such allegations.

5       35.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
6 and health and beauty products to chain, independent pharmacy customers and hospitals.
7 As a wholesale distributor, MCKESSON distributes products manufactured by others.
8 As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
9 label, package or repackage these products, nor does it make any representations or
10 warranties as to the products' safety or efficacy. MCKESSON lacks information or
11 knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
12 35 of the Complaint, and therefore denies such allegations.

13      36.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
14 and health and beauty products to chain, independent pharmacy customers and hospitals.
15 As a wholesale distributor, MCKESSON distributes products manufactured by others.
16 As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
17 label, package or repackage these products, nor does it make any representations or
18 warranties as to the products' safety or efficacy. MCKESSON lacks information or
19 knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
20 36 of the Complaint, and therefore denies such allegations and denies that Plaintiff
21 sustained injuries or damages of the type or amount alleged or of any nature or amount
22 whatsoever.

23                        **SECOND CAUSE OF ACTION**

24                **(Negligence – Defendant Merck & Company, Inc.;**
25          **McKesson Corporation; Does 1 through 100, inclusive)**

26      37.    MCKESSON incorporates by reference its responses Paragraphs 1 through
27 36 of the Complaint as if fully set forth herein.

28      38.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    and health and beauty products to chain, independent pharmacy customers and hospitals.

2    As a wholesale distributor, MCKESSON distributes products manufactured by others.

3    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

4    label, package or repackage these products, nor does it make any representations or

5    warranties as to the products' safety or efficacy. MCKESSON lacks information or

6    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

7    38 of the Complaint, and therefore denies such allegations.

8        39.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

9    and health and beauty products to chain, independent pharmacy customers and hospitals.

10    As a wholesale distributor, MCKESSON distributes products manufactured by others.

11    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

12    label, package or repackage these products, nor does it make any representations or

13    warranties as to the products' safety or efficacy. MCKESSON lacks information or

14    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

15    39 of the Complaint, and therefore denies such allegations.

16        40.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

17    and health and beauty products to chain, independent pharmacy customers and hospitals.

18    As a wholesale distributor, MCKESSON distributes products manufactured by others.

19    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

20    label, package or repackage these products, nor does it make any representations or

21    warranties as to the products' safety or efficacy. MCKESSON lacks information or

22    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

23    40 of the Complaint, and therefore denies such allegations and denies that Plaintiff

24    sustained injuries or damages of the type or amount alleged or of any nature or amount

25    whatsoever.

26    ///

27    ///

28    ///

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# THIRD CAUSE OF ACTION

### (Negligence Per Se – Defendant Merck & Company, Inc.;
### McKesson Corporation; Does 1 through 100, inclusive)

41.     MCKESSON incorporates by reference its responses Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42.     MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others. As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy.  MCKESSON lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 42 of the Complaint, and therefore denies such allegations.

43.     MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others. As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy.  MCKESSON lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 43 of the Complaint, and therefore denies such allegations.

44.     MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chain, independent pharmacy customers and hospitals. As a wholesale distributor, MCKESSON distributes products manufactured by others. As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate, label, package or repackage these products, nor does it make any representations or warranties as to the products' safety or efficacy.  MCKESSON lacks information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1 | 44 of the Complaint, and therefore denies such allegations.

2 | 45. MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
3 | and health and beauty products to chain, independent pharmacy customers and hospitals.
4 | As a wholesale distributor, MCKESSON distributes products manufactured by others.
5 | As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
6 | label, package or repackage these products, nor does it make any representations or
7 | warranties as to the products' safety or efficacy. MCKESSON lacks information or
8 | knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
9 | 45 of the Complaint, and its subparts and subparagraphs, and therefore denies such
10 | allegations.

11 | 46. MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
12 | and health and beauty products to chain, independent pharmacy customers and hospitals.
13 | As a wholesale distributor, MCKESSON distributes products manufactured by others.
14 | As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
15 | label, package or repackage these products, nor does it make any representations or
16 | warranties as to the products' safety or efficacy. MCKESSON lacks information or
17 | knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
18 | 46 of the Complaint, and therefore denies such allegations and denies that Plaintiff
19 | sustained injuries or damages of the type or amount alleged or of any nature or amount
20 | whatsoever.

21 | **FOURTH CAUSE OF ACTION**

22 | **(Breach of Implied Warranty – Defendant Merck & Company, Inc.;**
| **McKesson Corporation; Does 1 through 100, inclusive)**
23 |

24 | 47. MCKESSON incorporates by reference its responses Paragraphs 1 through
25 | 46 of the Complaint as if fully set forth herein.

26 | 48. MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
27 | and health and beauty products to chain, independent pharmacy customers and hospitals.
28 | As a wholesale distributor, MCKESSON distributes products manufactured by others.

1   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

2   label, package or repackage these products, nor does it make any representations or

3   warranties as to the products' safety or efficacy.  MCKESSON lacks information or

4   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

5   48 of the Complaint, and therefore denies such allegations.

6        49.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

7   and health and beauty products to chain, independent pharmacy customers and hospitals.

8   As a wholesale distributor, MCKESSON distributes products manufactured by others.

9   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

10  label, package or repackage these products, nor does it make any representations or

11  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

12  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

13  49 of the Complaint, and therefore denies such allegations.

14       50.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

15  and health and beauty products to chain, independent pharmacy customers and hospitals.

16  As a wholesale distributor, MCKESSON distributes products manufactured by others.

17  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

18  label, package or repackage these products, nor does it make any representations or

19  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

20  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

21  50 of the Complaint, and therefore denies such allegations.

22       51.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

23  and health and beauty products to chain, independent pharmacy customers and hospitals.

24  As a wholesale distributor, MCKESSON distributes products manufactured by others.

25  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

26  label, package or repackage these products, nor does it make any representations or

27  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

28  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    51 of the Complaint, and therefore denies such allegations and denies that Plaintiff

2    sustained injuries or damages of the type or amount alleged or of any nature or amount

3    whatsoever.

**FIFTH CAUSE OF ACTION**

4

5    **(Breach of Express Warranty – Defendant Merck & Company, Inc.;
     McKesson Corporation; Does 1 through 100, inclusive)**

6

7        52.    MCKESSON incorporates by reference its responses Paragraphs 1 through

8    51 of the Complaint as if fully set forth herein.

9        53.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

10   and health and beauty products to chain, independent pharmacy customers and hospitals.

11   As a wholesale distributor, MCKESSON distributes products manufactured by others.

12   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

13   label, package or repackage these products, nor does it make any representations or

14   warranties as to the products' safety or efficacy.  MCKESSON lacks information or

15   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

16   53 of the Complaint, and therefore denies such allegations.

17       54.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

18   and health and beauty products to chain, independent pharmacy customers and hospitals.

19   As a wholesale distributor, MCKESSON distributes products manufactured by others.

20   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

21   label, package or repackage these products, nor does it make any representations or

22   warranties as to the products' safety or efficacy.  MCKESSON lacks information or

23   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

24   54 of the Complaint, and therefore denies such allegations.

25       55.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

26   and health and beauty products to chain, independent pharmacy customers and hospitals.

27   As a wholesale distributor, MCKESSON distributes products manufactured by others.

28   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

1  label, package or repackage these products, nor does it make any representations or
2  warranties as to the products' safety or efficacy. MCKESSON lacks information or
3  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
4  55 of the Complaint, and therefore denies such allegations and denies that Plaintiff
5  sustained injuries or damages of the type or amount alleged or of any nature or amount
6  whatsoever.

## SIXTH CAUSE OF ACTION

**(Deceit by Concealment *Cal. Civ. Code* § 1709-1710 – Defendant Merck & Company, Inc.; McKesson Corporation; Does 1 through 100, inclusive)**

10    56.    MCKESSON incorporates by reference its responses Paragraphs 1 through
11  55 of the Complaint as if fully set forth herein.

12    57.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
13  and health and beauty products to chain, independent pharmacy customers and hospitals.
14  As a wholesale distributor, MCKESSON distributes products manufactured by others.
15  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
16  label, package or repackage these products, nor does it make any representations or
17  warranties as to the products' safety or efficacy. MCKESSON lacks information or
18  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
19  57 of the Complaint, and therefore denies such allegations.

20    58.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
21  and health and beauty products to chain, independent pharmacy customers and hospitals.
22  As a wholesale distributor, MCKESSON distributes products manufactured by others.
23  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
24  label, package or repackage these products, nor does it make any representations or
25  warranties as to the products' safety or efficacy. MCKESSON lacks information or
26  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
27  58 of the Complaint, and therefore denies such allegations.

28    59.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

1    and health and beauty products to chain, independent pharmacy customers and hospitals.

2    As a wholesale distributor, MCKESSON distributes products manufactured by others.

3    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

4    label, package or repackage these products, nor does it make any representations or

5    warranties as to the products' safety or efficacy.  MCKESSON lacks information or

6    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

7    59 of the Complaint, and therefore denies such allegations.

8          60.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

9    and health and beauty products to chain, independent pharmacy customers and hospitals.

10    As a wholesale distributor, MCKESSON distributes products manufactured by others.

11    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

12    label, package or repackage these products, nor does it make any representations or

13    warranties as to the products' safety or efficacy.  MCKESSON lacks information or

14    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

15    60 of the Complaint, and therefore denies such allegations.

16          61.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

17    and health and beauty products to chain, independent pharmacy customers and hospitals.

18    As a wholesale distributor, MCKESSON distributes products manufactured by others.

19    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

20    label, package or repackage these products, nor does it make any representations or

21    warranties as to the products' safety or efficacy.  MCKESSON lacks information or

22    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

23    61 of the Complaint, and therefore denies such allegations.

24          62.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

25    and health and beauty products to chain, independent pharmacy customers and hospitals.

26    As a wholesale distributor, MCKESSON distributes products manufactured by others.

27    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

28    label, package or repackage these products, nor does it make any representations or

1  warranties as to the products' safety or efficacy. MCKESSON lacks information or
2  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
3  62 of the Complaint, and therefore denies such allegations and denies that Plaintiff
4  sustained injuries or damages of the type or amount alleged or of any nature or amount
5  whatsoever.

## SEVENTH CAUSE OF ACTION

### (Negligent Misrepresentation – Defendant Merck & Company, Inc.; McKesson Corporation; Does 1 through 100, inclusive)

9  63.    MCKESSON incorporates by reference its responses Paragraphs 1 through
10  62 of the Complaint as if fully set forth herein.

11  64.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
12  and health and beauty products to chain, independent pharmacy customers and hospitals.
13  As a wholesale distributor, MCKESSON distributes products manufactured by others.
14  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
15  label, package or repackage these products, nor does it make any representations or
16  warranties as to the products' safety or efficacy. MCKESSON lacks information or
17  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
18  64 of the Complaint, and therefore denies such allegations.

19  65.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
20  and health and beauty products to chain, independent pharmacy customers and hospitals.
21  As a wholesale distributor, MCKESSON distributes products manufactured by others.
22  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
23  label, package or repackage these products, nor does it make any representations or
24  warranties as to the products' safety or efficacy. MCKESSON lacks information or
25  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
26  65 of the Complaint, and therefore denies such allegations.

27  66.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
28  and health and beauty products to chain, independent pharmacy customers and hospitals.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1   As a wholesale distributor, MCKESSON distributes products manufactured by others.
2   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
3   label, package or repackage these products, nor does it make any representations or
4   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
5   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
6   66 of the Complaint, and therefore denies such allegations.

7       67.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
8   and health and beauty products to chain, independent pharmacy customers and hospitals.
9   As a wholesale distributor, MCKESSON distributes products manufactured by others.
10  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
11  label, package or repackage these products, nor does it make any representations or
12  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
13  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
14  67 of the Complaint, and therefore denies such allegations.

15      68.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
16  and health and beauty products to chain, independent pharmacy customers and hospitals.
17  As a wholesale distributor, MCKESSON distributes products manufactured by others.
18  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
19  label, package or repackage these products, nor does it make any representations or
20  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
21  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
22  68 of the Complaint, and therefore denies such allegations.

23      69.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
24  and health and beauty products to chain, independent pharmacy customers and hospitals.
25  As a wholesale distributor, MCKESSON distributes products manufactured by others.
26  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
27  label, package or repackage these products, nor does it make any representations or
28  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

1    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

2    69 of the Complaint, and therefore denies such allegations and denies that Plaintiff

3    sustained injuries or damages of the type or amount alleged or of any nature or amount

4    whatsoever.

## EIGHTH CAUSE OF ACTION

5

6    **(Violation of *Business & Professions Code* § 17200 – Defendant Merck & Company, Inc.; McKesson Corporation; Does 1 through 100, inclusive)**

7

8        70.    MCKESSON incorporates by reference its responses Paragraphs 1 through

9    69 of the Complaint as if fully set forth herein.

10       71.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

11   and health and beauty products to chain, independent pharmacy customers and hospitals.

12   As a wholesale distributor, MCKESSON distributes products manufactured by others.

13   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

14   label, package or repackage these products, nor does it make any representations or

15   warranties as to the products' safety or efficacy.   MCKESSON lacks information or

16   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

17   71 of the Complaint, and therefore denies such allegations.

18       72.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

19   and health and beauty products to chain, independent pharmacy customers and hospitals.

20   As a wholesale distributor, MCKESSON distributes products manufactured by others.

21   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,

22   label, package or repackage these products, nor does it make any representations or

23   warranties as to the products' safety or efficacy.   MCKESSON lacks information or

24   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph

25   72 of the Complaint, and therefore denies such allegations.

26       73.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter

27   and health and beauty products to chain, independent pharmacy customers and hospitals.

28   As a wholesale distributor, MCKESSON distributes products manufactured by others.

1    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
2    label, package or repackage these products, nor does it make any representations or
3    warranties as to the products' safety or efficacy.  MCKESSON lacks information or
4    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
5    73 of the Complaint, and its subparts and subparagraphs, and therefore denies such
6    allegations.

7        74.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
8    and health and beauty products to chain, independent pharmacy customers and hospitals.
9    As a wholesale distributor, MCKESSON distributes products manufactured by others.
10   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
11   label, package or repackage these products, nor does it make any representations or
12   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
13   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
14   74 of the Complaint, and therefore denies such allegations.

15       75.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
16   and health and beauty products to chain, independent pharmacy customers and hospitals.
17   As a wholesale distributor, MCKESSON distributes products manufactured by others.
18   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
19   label, package or repackage these products, nor does it make any representations or
20   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
21   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
22   75 of the Complaint, and therefore denies such allegations.

23       76.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
24   and health and beauty products to chain, independent pharmacy customers and hospitals.
25   As a wholesale distributor, MCKESSON distributes products manufactured by others.
26   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
27   label, package or repackage these products, nor does it make any representations or
28   warranties as to the products' safety or efficacy.  MCKESSON lacks information or

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
2    76 of the Complaint, and therefore denies such allegations.

3      77. MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
4    and health and beauty products to chain, independent pharmacy customers and hospitals.
5    As a wholesale distributor, MCKESSON distributes products manufactured by others.
6    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
7    label, package or repackage these products, nor does it make any representations or
8    warranties as to the products' safety or efficacy.  MCKESSON lacks information or
9    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
10   77 of the Complaint, and therefore denies such allegations and denies that Plaintiff
11   sustained injuries or damages of the type or amount alleged or of any nature or amount
12   whatsoever.

**NINTH CAUSE OF ACTION**

13

14   **(Violation of *Business & Professions Code* § 17500 – Defendant Merck & Company,**
15   **Inc.; McKesson Corporation; Does 1 through 100, inclusive)**

16     78. MCKESSON incorporates by reference its responses Paragraphs 1 through
17   77 of the Complaint as if fully set forth herein.

18     79. MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
19   and health and beauty products to chain, independent pharmacy customers and hospitals.
20   As a wholesale distributor, MCKESSON distributes products manufactured by others.
21   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
22   label, package or repackage these products, nor does it make any representations or
23   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
24   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
25   79 of the Complaint, and therefore denies such allegations.

26     80. MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
27   and health and beauty products to chain, independent pharmacy customers and hospitals.
28   As a wholesale distributor, MCKESSON distributes products manufactured by others.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
2  label, package or repackage these products, nor does it make any representations or
3  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
4  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
5  80 of the Complaint, and therefore denies such allegations.

6      81.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
7  and health and beauty products to chain, independent pharmacy customers and hospitals.
8  As a wholesale distributor, MCKESSON distributes products manufactured by others.
9  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
10  label, package or repackage these products, nor does it make any representations or
11  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
12  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
13  81 of the Complaint, and its subparts and subparagraphs, and therefore denies such
14  allegations.

15     82.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
16  and health and beauty products to chain, independent pharmacy customers and hospitals.
17  As a wholesale distributor, MCKESSON distributes products manufactured by others.
18  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
19  label, package or repackage these products, nor does it make any representations or
20  warranties as to the products' safety or efficacy.  MCKESSON lacks information or
21  knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
22  82 of the Complaint, and therefore denies such allegations.

23     83.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
24  and health and beauty products to chain, independent pharmacy customers and hospitals.
25  As a wholesale distributor, MCKESSON distributes products manufactured by others.
26  As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
27  label, package or repackage these products, nor does it make any representations or
28  warranties as to the products' safety or efficacy.  MCKESSON lacks information or

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
2    83 of the Complaint, and therefore denies such allegations.

3        84.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
4    and health and beauty products to chain, independent pharmacy customers and hospitals.
5    As a wholesale distributor, MCKESSON distributes products manufactured by others.
6    As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
7    label, package or repackage these products, nor does it make any representations or
8    warranties as to the products' safety or efficacy.  MCKESSON lacks information or
9    knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
10   84 of the Complaint, and therefore denies such allegations.

11       85.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
12   and health and beauty products to chain, independent pharmacy customers and hospitals.
13   As a wholesale distributor, MCKESSON distributes products manufactured by others.
14   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
15   label, package or repackage these products, nor does it make any representations or
16   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
17   knowledge sufficient to admit or deny the remaining allegations contained in Paragraph
18   85 of the Complaint, and therefore denies such allegations and denies that Plaintiff
19   sustained injuries or damages of the type or amount alleged or of any nature or amount
20   whatsoever.

21                              **PRAYER FOR RELIEF**

22       86.    MCKESSON is a wholesale distributor of pharmaceuticals, over-the-counter
23   and health and beauty products to chain, independent pharmacy customers and hospitals.
24   As a wholesale distributor, MCKESSON distributes products manufactured by others.
25   As to VIOXX®, MCKESSON does not manufacture, produce, process, test, encapsulate,
26   label, package or repackage these products, nor does it make any representations or
27   warranties as to the products' safety or efficacy.  MCKESSON lacks information or
28   knowledge sufficient to admit or deny the remaining allegations contained in the Prayer

1 | for Relief of the Complaint, and its subparts and subparagraphs, and therefore denies
2 | such allegations and denies that Plaintiff sustained injuries or damages of the type or
3 | amount alleged or of any nature or amount whatsoever.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint and all causes of action asserted against Defendant fail to state facts sufficient to constitute a cause of action.

#### SECOND AFFIRMATIVE DEFENSE

Federal law preempts Plaintiff's claims. Plaintiff has asserted claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal laws, regulations, and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

#### THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by the applicable statutes of limitations and/or statutes of repose, including but not limited to California Code of Civil Procedure sections 335.1 and 338 and former section 340(3), California Business and Professions Code section 17208, and California Civil Code section 1783.

#### FOURTH AFFIRMATIVE DEFENSE

During the time periods alleged in the Complaint, Plaintiff or Plaintiff's decedent failed to exercise ordinary care on his or her own behalf for his or her safety. Plaintiff's or Plaintiff's decedent's recklessness, carelessness and/or negligence caused any injury and damage that he or she may have sustained. Plaintiff's right to recover should be diminished by Plaintiff's or Plaintiff's decedent's proportional share of fault.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff/Plaintiff's decedent failed to mitigate any damage that he or she may have sustained. Plaintiff/Plaintiff's decedent failed to exercise reasonable care to avoid the consequences of harm, if any. Among other things, Plaintiff/Plaintiff's decedent failed to use reasonable diligence in caring for any injury, use reasonable means to prevent

1  aggravation of any injury, and/or take reasonable precautions to reduce any injury and
2  damage.

3  ### SIXTH AFFIRMATIVE DEFENSE

4  During the time periods alleged in the Complaint, Plaintiff/Plaintiff's decedent had
5  full knowledge of the risks and possible adverse effects pertaining to the use of the
6  products. Defendant alleges that part or all of the injuries, damages, or losses, if any, that
7  Plaintiff claims to have sustained arose from or were caused by such risks.
8  Plaintiff/Plaintiff's decedent was aware of, accepted, and assumed the risks and possible
9  adverse effects. Plaintiff's recovery, if any, should be diminished, reduced, offset, or
10 barred by Plaintiff's/Plaintiff's decedent's assumption of the risks and informed consent.

11 ### SEVENTH AFFIRMATIVE DEFENSE

12 Defendant denies that Plaintiff/Plaintiff's decedent suffered injuries or incurred
13 any damages, or that any defendant is liable. If Plaintiff/Plaintiff's decedent did suffer
14 any injuries or incur any damages, any injuries or damages were caused, in whole or in
15 part, by the acts or omissions of persons or entities other than Defendant or superseding
16 or intervening causes over which Defendant had no control. If there is any negligence or
17 liability by any defendant, it is the sole and exclusive negligence and liability of others
18 and not this answering Defendant.

19 ### EIGHTH AFFIRMATIVE DEFENSE

20 The intervening or superseding cause of any injury allegedly sustained by the
21 Plaintiff/Plaintiff's decedent may be conduct which is illicit, criminal, or otherwise
22 improper, and for which conduct Defendant cannot be held responsible.

23 ### NINTH AFFIRMATIVE DEFENSE

24 Plaintiff's/Plaintiff's decedent's alleged damages, injuries, or losses, if any, were
25 not proximately caused by any alleged act, omission, or breach of duty by Defendant but
26 were caused in whole or in part by the acts or omissions of Plaintiff/Plaintiff's decedent
27 and/or others so that the principles of contributory negligence, comparative fault and/or
28 assumption of the risk apply.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff and/or Plaintiff's claims have been improperly joined in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, and if there is a finding of any liability in favor of Plaintiff or settlement or judgment against Defendant, Defendant requests that the Court or Jury make an apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co.* and *American Motorcycle Association v. Superior Court.* Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because they have been filed in an improper venue.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's/Plaintiff's decedent's alleged injuries were the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable, or was not the result of any conduct or negligence on the part of Defendant; and/or was not the result of any defect in any product distributed or sold by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

The hazards of foreseeable uses and misuses of the product are open and obvious.

### FIFTEENTH AFFIRMATIVE DEFENSE

After the products left the possession and control of Defendant, if in fact any products were ever in the possession or control of Defendant, the products were redesigned, modified, altered, or subjected to treatment that substantially changed their character without Defendant's knowledge. Any alleged defect resulted, if at all, from the redesign, modification, alteration, treatment or other change of the products after Defendant relinquished possession of and control over any of the products.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The design, manufacture, and marketing of the products were in conformity with the "state of the art" existing at the time of such design, manufacture, and marketing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The learned intermediary doctrine bars Plaintiff's recovery of any damages. Any duty to warn Plaintiff/Plaintiff's decedent of the risks and hazards associated with the products was discharged by providing adequate warning to physicians.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff alleges a failure to warn by Defendant, Defendant alleges that the manufacturers, physician, and other health care providers associated with the products knew, or should have been aware, of any risk and hazard that Plaintiff and/or Plaintiff's decedent alleges rendered the products defective and that allegedly caused Plaintiff's and/or Plaintiff's decedent's injuries and/or damages, if any. To the extent that such manufacturers, physician, and other health care providers failed to advise, inform, or warn Plaintiff of such risks and hazards, such failure is imputed to Plaintiff under agency principles and Plaintiff and/or Plaintiff's decedent knowingly and voluntarily assumed the risk of any injury as a result of the consumption of, administration of, or exposure to the product.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred due to the lack of privity, or a "transaction," between Plaintiff/Plaintiff's decedent and Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over this answering Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial estoppel, equitable estoppel, unclean hands, laches, and/or statutory and regulatory compliance.

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2    The products were not used in the manner in which they were intended to be used.
3    The products were used in a manner that was abnormal and not reasonably foreseeable by
4    Defendant.  Such misuse of the products proximately caused or contributed to Plaintiff's
5    alleged damages, injuries, and losses, if any.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7    The imposition of punitive or exemplary damages against Defendant or that are in
8    any way imputed against the interests of Defendant would violate the ruling in *State*
9    *Farm Mut. Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408, and Defendant's
10   constitutional rights under:   the Due Process clauses in the Fifth and Fourteenth
11   Amendments to the Constitution of the United States; the Sixth Amendment to the
12   Constitution of the United States; the Double Jeopardy clause in the Fifth Amendment to
13   the Constitution of the United States; comparable provisions contained within the
14   California Constitution; the common law and public policies of California; and applicable
15   statutes and court rules, including but not limited to,  imposition of punitive damages and
16   determination of such an award:

17    (a)    by a jury when the jury is:  (i) not given standards of sufficient clarity for
18           determining the appropriateness, and the appropriate size, of a punitive
19           damages award; (ii) not adequately and clearly instructed on the limits on
20           punitive damages imposed by the principles of deterrence and punishment;
21           (iii) not expressly prohibited from awarding punitive damages, or
22           determining the amount of such an award, in whole or in part, on the basis of
23           invidiously discriminatory characteristics, including the corporate status,
24           wealth, or state of residence of Defendant; (iv) permitted to award punitive
25           damages under a standard for determining liability for such damages which
26           is vague and arbitrary and does not define with sufficient clarity the conduct
27           or mental state which makes punitive damages permissible; and (v) not
28           subject to trial court and appellate judicial review for reasonableness, the

furtherance of legitimate purpose, and the basis of objective standards;

(b)    where applicable law is impermissibly vague, imprecise, or inconsistent;

(c)    subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and

(d)    based upon anything other than  Defendant's conduct in connection with the sale of the products alleged in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

While continuing to deny any and all liability, Defendant states that if the court determines that Plaintiff is entitled to assert a claim for punitive damages, such claim cannot be permitted to go forward until the trier of fact determines that punitive damages should be considered, and, ultimately all issues regarding punitive damages should be bifurcated at trial.  Any award for punitive or exemplary damage absent bifurcating trial as to issues of compensatory and exemplary damages would be in violation of Defendant's rights to due process under the Unites States Constitution and the correlative provisions of California law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times, any products distributed by Defendant were distributed in compliance with all applicable federal, state and local laws and regulations, and rules promulgated and enforced by the Food and Drug Administration.  The products were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.  Compliance with such laws, regulations, and rules demonstrates that due care and reasonable prudence were exercised in the design, manufacture, and promotion of the subject pharmaceutical product and that said product was not defective in any way.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries and/or losses alleged to have been suffered by

1 | Plaintiff/Plaintiff's decedent have been mitigated, in whole or in part, by reimbursement
2 | from collateral sources and therefore, Plaintiff's claims against Defendant are barred
3 | and/or reduced by any applicable set off.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate the necessary elements to support the request for injunctive relief, including without limitation, a threat of imminent or immediate harm.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any alleged act or omission by Defendant concerning the manufacture, warning, labeling, advertising and sale of VIOXX® referred to in the Complaint, was at all times, the duty of an entity other than Defendant. Defendant acted in good faith concerning all services for which it had a duty to provide as referred to in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for disgorgement or restitution are barred under the decision in *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116 and related authority.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's or Plaintiff's decedent's alleged injuries or illnesses preexisted or were suffered after the alleged use of the products, and Plaintiff's/Plaintiff's decedent's alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's/Plaintiff's decedent's injuries were caused or contributed to by Plaintiff's/Plaintiff's decedent's failure to follow the directions and precautions provided by the product's manufacturer(s).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because Plaintiff/Plaintiff's decedent failed to give adequate and timely notice of the alleged claims against

1 | Defendant and/or because the alleged warranties were disclaimed.

2 | ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

3 | Defendant's alleged business practices with respect to the subject product were
4 | lawful, fair, truthful, not misleading or deceptive, not fraudulent, and were justified based
5 | on the state of medical and scientific knowledge available during the relevant time and
6 | were in compliance with the applicable laws, regulations, and rules within the meaning of
7 | either California Business and Professions Code section 17200, et seq. or California
8 | Business and Professions Code section 17500, et seq.

9 | ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

10 | Plaintiff's claimed injuries and/or damages are so remote, speculative or contingent
11 | that Plaintiff's claims must be barred on public policy grounds.

12 | ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

13 | The conduct alleged in the Complaint does not plead a "violation of law" sufficient
14 | to provide the necessary predicate for an "unlawful" business practices claim, or any
15 | other claim, under either California Business and Professions Code section 17200, et seq.
16 | or California Business and Professions Code section 17500, et seq.

17 | ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

18 | Plaintiff's claims under California Business and Professions Code section 17200,
19 | et seq. or California Business and Professions Code section 17500, et seq. are barred in
20 | whole or in part under principles of substantive and procedural due process.

21 | ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

22 | Plaintiff's claims under California Business and Professions Code section 17200,
23 | et seq. or California Business and Professions Code section 17500, et seq. are barred in
24 | whole or in part because Plaintiff does not qualify as private attorney general, and for that
25 | reason, among others, lacks standing to prosecute a claim for injunctive or monetary
26 | relief.

27 | ### THIRTY-NINTH AFFIRMATIVE DEFENSE

28 | Plaintiff's claims under California Business and Professions Code section 17200,

1  et seq. or California Business and Professions Code section 17500, et seq. are barred in

2  whole or in part because there is no basis for injunctive relief in this action and Plaintiff

3  has an adequate remedy at law.

4  **FORTIETH AFFIRMATIVE DEFENSE**

5  Plaintiff's claims under California Business and Professions Code section 17200,

6  et seq. or California Business and Professions Code section 17500, et seq. are barred in

7  whole or in part by the doctrine of primary jurisdiction. The subject of pharmaceutical

8  product and any advertising regarding such product are regulated by the Food and Drug

9  Administration and as such, answering Defendant requests that this Court, sitting in

10  equity, abstain from hearing claims under sections 17200, et seq., and 17500, et seq.,

11  which are accordingly preempted by Federal law.

12  **FORTY-FIRST AFFIRMATIVE DEFENSE**

13  Plaintiff is barred from recovery against Defendant because of the sophisticated

14  user doctrine.

15  **FORTY-SECOND AFFIRMATIVE DEFENSE**

16  Plaintiff's strict liability claims are barred under the principles set forth in *Brown v.*

17  *Superior Court*, 44 Cal.3d 1049 (1988).

18  **FORTY-THIRD AFFIRMATIVE DEFENSE**

19  Plaintiff's claim, if any, for loss of consortium is barred because it is derivative of

20  the injured Plaintiff's/Plaintiff's decedent's claim, which fails pursuant to the affirmative

21  defenses set forth herein.

22  **FORTY-FOURTH AFFIRMATIVE DEFENSE**

23  Defendant is a provider of services, not products, and thus is not strictly liable

24  under California law.

25  **FORTY-FIFTH AFFIRMATIVE DEFENSE**

26  Plaintiff's Complaint fails to allege ultimate facts sufficient to state a cause of

27  action predicated upon negligence, strict liability, breach of implied warranty, breach of

28  express warranty, failure to warn or deceit by concealment.

1

## FORTY-SIXTH AFFIRMATIVE DEFENSE

2   Plaintiff's claims of any non-economic damages are subject to California Civil
3   Code section 1431.2, which is applicable to the Complaint and each cause of action
4   therein.

5

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

6   The product at issue in this litigation is not defective or unreasonably dangerous
7   because it is a prescription pharmaceutical bearing adequate warnings, and is subject to
8   the comment j exception to strict liability as set forth in § 402A of the Restatement
9   (Second) of Torts (1965), and/or because it is a prescription pharmaceutical that is
10  unavoidably unsafe pursuant to comment k of § 402A of the Restatement (Second) of
11  Torts (1965).

12

## FORTY-EIGHT AFFIRMATIVE DEFENSE

13  Plaintiff's/Plaintiff's decedent's claims are barred in whole or in part because the
14  subject pharmaceutical product "provides net benefits for a class of patients" within the
15  meaning of Comment f to Section 6 of the Restatement (Third) of Torts: Products
16  Liability.

17

## FORTY-NINTH AFFIRMATIVE DEFENSE

18  Plaintiff's/Plaintiff's decedent's claims are barred under Section 4, et seq., of the
19  Restatement (Third) of Torts: Products Liability.

20

## FIFTIETH AFFIRMATIVE DEFENSE

21  Plaintiff's/Plaintiff's decedent's claims, if any, related to negligence per se are
22  barred, in whole or in part, because there is no statute violated by this Defendant.

23

## FIFTY-FIRST AFFIRMATIVE DEFENSE

24  Plaintiff's/Plaintiff's decedent's claims are barred in whole or in part by the
25  deference given to the primary jurisdiction of the Food and Drug Administration over the
26  subject pharmaceutical product under applicable federal laws, regulations, and rules.
27  These claims are thus preempted by Federal law.

28  ///

1

## FIFTY-SECOND AFFIRMATIVE DEFENSE

2
3
4

Plaintiff's/Plaintiff's decedent's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

5

## FIFTY-THIRD AFFIRMATIVE DEFENSE

6
7

Plaintiff's/Plaintiff's decedent's claims are barred in whole or in part because Plaintiff lacks standing to bring such claims.

8

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

9
10
11
12

Plaintiff's/Plaintiff's decedent's claims are barred in whole or in part because they fail to meet the requirements of California Code of Civil Procedure sections 377.30, et seq., and 377.60, et seq., governing a decedent's cause of action and wrongful death actions.

13

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

14
15
16
17

Plaintiff's/Plaintiff's decedent's claims are barred to the extent they are made by, or on behalf of, out of state Plaintiff or Plaintiff's decedent, or arose from events occurring out of state, are barred in whole or in part under principles of forum non conveniens and due process.

18

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

19
20

Plaintiff's/Plaintiff's decedent's claims are barred in whole or in part because the Complaint fails to join necessary and indispensable parties.

21

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

22
23

Plaintiff's Consumer Legal Remedies Act cause of action, if any, is barred because it fails to meet the requirements of California Civil Code section 1750, et seq.

24

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

25
26
27

Defendant did not design, manufacture, formulate, distribute, market, sell, research, develop, test or supply the VIOXX® that was alleged to have been ingested by Plaintiff/Plaintiff's decedent and/or any of the ingredients contained therein.

28

///

1

## FIFTY-NINTH AFFIRMATIVE DEFENSE

2  Plaintiff failed to allege specific facts that Defendant distributed and/or supplied

3  the subject product that Plaintiff/Plaintiff's decedent allegedly ingested.  Accordingly,

4  Plaintiff failed to plead facts sufficient to show an actual connection between Defendant's

5  alleged conduct and the Plaintiff's purported injury and Defendant has, therefore, been

6  fraudulently joined.

7

## SIXTIETH AFFIRMATIVE DEFENSE

8  Plaintiff's vague allegations are legal conclusions directed at "defendants" in

9  general and fail to support any claims specific to Defendant.

10

## SIXTY-FIRST AFFIRMATIVE DEFENSE

11  Plaintiff's claims are barred by the applicable prescriptive periods or statutes of

12  limitations provided for such claims.

13

## SIXTY-SECOND AFFIRMATIVE DEFENSE

14  Defendant denies that the products distributed by it caused or contributed to the

15  alleged injuries of Plaintiff/Plaintiff's decedent, and further denies that it is liable to

16  Plaintiff/Plaintiff's decedent for the claims alleged or for any other claims whatsoever.

17

## SIXTY-THIRD AFFIRMATIVE DEFENSE

18  Defendant did not make any material representation of fact regarding the products

19  it distributes which was not true, or if such representation was made, which Defendant

20  specifically denies, then MCKESSON did not make such representation with the intent to

21  either deceive or to induce Plaintiff/Plaintiff's decedent to act in justifiable reliance.

22

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

23  Plaintiff/Plaintiff's decedent did not justifiably rely, in any fashion whatsoever,

24  upon any statement, representation, advice or conduct of MCKESSON, and did not act

25  upon any statement, representation advice or conduct to their detriment.

26

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

27  Defendant asserts that as of the relevant times alleged in the Complaint, it did not

28  know and, in light of the then existing reasonable available scientific and technological

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S**
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Petition; (2) the alleged danger of any such design characteristics.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's/Plaintiff's decedent's claims are barred, in whole or in part, to the extent Plaintiff/Plaintiff's decedent, or any state entity acting on behalf of Plaintiff/Plaintiff's decedent, has released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiff's/Plaintiff's decedent's claims.

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff/Plaintiff's decedent, or any state entity acting on behalf of Plaintiff/Plaintiff's decedent, with respect to the same alleged injuries. Defendant is also entitled to have any damages that may be awarded to Plaintiff/Plaintiff's decedent reduced by the value of any benefit or payment to Plaintiff/Plaintiff's decedent, or any state entity acting on behalf of Plaintiff/Plaintiff's decedent, from any collateral source.

**SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

**SIXTY-NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff/Plaintiff's decedent asserts claims based upon an alleged failure by Defendant to warn Plaintiff and/or Plaintiff's decedent directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine.

**SEVENTIETH AFFIRMATIVE DEFENSE**

Defendant reserves the right to rely upon other affirmative defenses as they become reasonably available and apparent during the discovery proceedings in this case. Defendant reserves the right to amend this Answer to assert any such defenses.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    **WHEREFORE,** MCKESSON prays for relief as follows:

2    1.    That Plaintiff take nothing by this action;

3    2.    That judgment be entered in favor of MCKESSON and against Plaintiff;

4    3.    That MCKESSON be awarded costs of suit herein; and

5    4.    For such other and further relief as the Court may deem just and proper.

6

7    Dated: December 18, 2007          Respectfully Submitted,

8                                **MORRIS POLICH & PURDY LLP**

9

10                               By:  /s/ Wendi J. Frisch, Esq.
                                       Anthony G. Brazil
11                                     Megan S. Wynne
                                       Wendi J. Frisch
12                               Attorneys for Defendant
                                 MCKESSON CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2        Defendant MCKESSON CORPORATION hereby demands trial by jury in this

3    matter.

4

5    Dated:  December 18, 2007           Respectfully Submitted,

6                          **MORRIS POLICH & PURDY LLP**

7

8                          By:  /s/ Wendi J. Frisch, Esq.

                           Anthony G. Brazil

9                               Megan S. Wynne

                           Wendi J. Frisch

10                          Attorneys for Defendant

11                          MCKESSON CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MCKESSON CORPORATION TO PLAINTIFF'S
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

**ELECTRONIC PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen

3

(18) years and am not a party to the within action.

4

On December 18, 2007, pursuant to the Court's Electronic Filing System, I

5

☒ submitted an electronic version of the following document via file transfer protocol to

ECF (Electronic Case Filing)

6

☐ submitted a hard copy of the following document to ECF (Electronic Case Filing) by

7

8

☐ facsimile          ☐ overnight delivery

9

10

**"ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDATN MCKESSON**

**CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR**

11

**JURY TRIAL"**

12

13

☐ **STATE** I declare under penalty of perjury under the laws of the state of California, that the above is

14

true and correct.

15

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose

16

direction the service was made

17

Executed on December 18, 2007, at Los Angeles, California.

18

19

20

21

*Maria Escobedo*

Maria T. Escobedo

22

23

24

25

26

27

28