1   Michael K. Brown (SBN 104252)
    Thomas J. Yoo (SBN 174118)
2   REED SMITH LLP
    355 South Grand Avenue, Suite 2900
3   Los Angeles, CA 90071
    Telephone:   213.457.8000
4   Facsimile:   213.457.8080
    Email  mkbrown@reedsmith.com
5          tyoo@reedsmith.com

6   Steven J. Boranian (SBN 174183)
    Tiffany Renee Thomas (SBN 239085)
7   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
8   San Francisco, CA 94111-3922
    Telephone:   415.543.8700
9   Facsimile:   415.391.8269
    Email: sboranian@reedsmith.com
10         tthomas@reedsmith.com

11  Attorneys for Defendant
    Merck & Co., Inc.

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15  GEORGE WEST                        Case No. 3:07-cv-06270-JSW

16            Plaintiff,               **DEFENDANT MERCK & CO., INC.'S
                                        NOTICE OF MOTION AND MOTION
16                                      TO STAY ALL PROCEEDINGS
17      vs.                             PENDING A DECISION ON
                                        TRANSFER BY THE JUDICIAL
17  MERCK & COMPANY, INC., a corporation;   PANEL ON MULTIDISTRICT
18  MCKESSON CORPORATION, a corporation;    LITIGATION**
    and DOES 1 to 100, inclusive,
19
              Defendants.              Hearing Date: February 8, 2008
20                                     Time:         9:00 a.m.
                                       Courtroom:    2, 17th floor
21                                     Compl. Filed: November 9, 2007
                                       Trial Date:   None Set
22
                                       Honorable Jeffrey S. White
23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2

3    PLEASE TAKE NOTICE that on February 8, 2008 at 9:00 a.m. or as soon as the matter can

4    be heard, in Courtroom 2 on the seventeenth floor of the United States District Court for the

5    Northern District of California, defendant Merck & Co., Inc. ("Merck") will and hereby does move

6    for a stay of all proceedings pending the transfer decision by the Judicial Panel on Multidistrict

7    Litigation.  This motion is on the grounds that a stay of proceedings in this case is necessary and

8    appropriate to achieve the judicial economies which underlie Section 1407 of the United States

9    Code.  Additionally, Merck would be substantially prejudiced by duplicative discovery and motion

10   practice if a stay were not put in place.

11

12    This Motion is based on this Notice, the Memorandum of Points and Authorities in Support

13   of the Motion to Stay All Proceedings Pending the Transfer Decision by the Judicial Panel on

14   Multidistrict Litigation attached to and filed herewith, the Declaration of Tiffany Renee Thomas in

15   Support thereof, all papers filed in relation to defendants Merck's Motion, filed concurrently

16   herewith, the complete files and records in this action, matters that may be judicially noticed, and

17   any oral or documentary evidence that may be presented at the hearing on this matter.

18

19          DATED:  January 3, 2008          REED SMITH LLP

20

21                                          By_____

22                                             Tiffany Renee Thomas
                                             Attorneys for Defendant
                                             Merck & Company, Inc.

23

24

25

26

27

28

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   **I.    INTRODUCTION**

2

3        Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this

4   action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.*, MDL No. 1657, the multidistrict

5   litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to

6   coordinate all federal product liability actions involving Vioxx® (the "Vioxx product liability

7   actions").  *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

8

9                                **II.    BACKGROUND**

10

11  **A.    MDL-1657**

12

13        On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or

14  "Panel") issued a transfer order establishing MDL Proceeding No. 1657, titled *In re VIOXX Products*

15  *Liability Litigation.*  The transfer order directed that the 148 actions that were the subject of the

16  original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for

17  coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana

18  before the Honorable Eldon E. Fallon.  *In Re VIOXX Products Liability Litigation*, 360 F. Supp. 2d

19  at 1352.  In the Transfer Order, the Panel held:

20
21            On the basis of the papers filed and hearing session held, the Panel finds that
              the cases in this litigation involve common questions of fact, and that
22            centralization under Section 1407 in the Eastern District of Louisiana will
              serve the convenience of the parties and witnesses and promote the just and
23            efficient conduct of the litigation.  All cases focus on the alleged increased
              health risks (including heart attack and/or stroke) when taking Vioxx, an anti-
24            inflammatory drug, and whether Merck knew of these increased risks and
              failed to disclose them to the medical community and consumers.
25            Centralization under Section 1407 is necessary in order to eliminate
              duplicative discovery, avoid inconsistent pretrial rulings, and conserve the
26            resources of the parties, their counsel and the judiciary.

27

28

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    360 F. Supp. 2d at 1353-54. The MDL Panel also held that the "nearly 300 potentially related

2    actions pending in multiple federal districts . . . will be treated as potential tag-along cases." *Id.* at

3    1353 n. 1.

4

5    There is currently a process in place for affecting the transfer to Judge Fallon's court of

6    related Vioxx® product liability actions quickly and efficiently. Merck's counsel promptly notifies

7    the Panel of newly filed related actions. The Panel has been issuing conditional transfer orders

8    transferring actions to Judge Fallon's court based on the information contained in these tag-along

9    letters. Since the first Transfer Order was issued on February 16, 2005, more than 2,500 cases have

10   been transferred to or filed directly in the MDL proceedings.

11

12   **B.    The Instant Action**

13

14   On November 9, 2007, plaintiff George West ("Plaintiff") commenced this action entitled

15   *West v. Merck & Co., Inc., et al.*, ("the/this action"), Case No. CGC-07-469085, against Merck by

16   filing a Complaint in the Superior Court for the State of California, County of San Francisco. *See*

17   Declaration of Tiffany Renee Thomas In Support Of Merck & Co., Inc.'s Motion to Stay

18   Proceedings ("Thomas Decl.") at ¶ 3. On December 11, 2007, Merck timely removed this action to

19   this Court based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at ¶ 4. There is no dispute that

20   this action involves the same factual inquiries that the Panel noted were present in the Vioxx product

21   liability actions generally, thereby warranting coordinated pre-trial proceedings in the Eastern

22   District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the

23   other Vioxx product liability actions, focuses on the alleged increased health risks (including heart

24   attack and stroke) when taking Vioxx, and whether Merck knew of these alleged increased risks and

25   failed to disclose them to the medical community and consumers. For example, in the Complaint,

26   Plaintiff alleges that he ingested Vioxx and suffered a Cerebrovascular Accident ("CVA") as a

27   result. Complaint at ¶ 14. Plaintiff further alleges that defendants "aggressively market[ed] and

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

1  [sold] these products by falsely misleading potential users about the products and by failing to

2  protect users from serious dangers which Defendants knew or should have known to result from use

3  of these products" and that defendants "purposefully downplayed and understated the health hazards

4  and risks associated with Vioxx." Complaint at ¶¶ 27, 30.

5

6      Pursuant to Rule 7.5(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

7  Litigation ("R.P.J.P.M.L."), Merck provided notice to the MDL Panel of the pendency of this "tag-

8  along" action in a letter dated December 18, 2007. Thomas Decl. at ¶ 5, Exhibit A. Merck expects

9  this case to be listed on a conditional transfer order shortly. *Id.* Once the conditional transfer order

10 is issued, Plaintiff has fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[1]

11 Assuming that Plaintiff does not object to the transfer order within this fifteen-day period, the

12 transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case

13 will be transferred to the MDL.

14

15                     **III.    ARGUMENT**

16

17     The Court should exercise its discretion to stay all further proceedings in this action pending

18 its likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-

19 established. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay

20 proceedings is incidental to the power inherent in every court to control the disposition of the causes

21 on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord*

22 *Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to

23 stay all proceedings is well established."). Courts analyze three factors when determining whether to

24 _____

25 [1]    In the event Plaintiff chooses to object to transfer to MDL-1657, there is a separate procedure for filing objections to
       the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next
26     available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in
       the MDL proceedings, any opposition would almost certainly be futile.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial

2   resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated;

3   (2) potential prejudice to the non-moving party if the action is not stayed; and (3) hardship and

4   inequity to the moving party. *Rivers v. The Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal.

5   1997).

6

7       Federal courts throughout the country with pending Vioxx product liability actions have

8   analyzed the above-referenced factors in determining whether a stay of proceedings pending the

9   MDL Panel's decision as to transfer is appropriate.  To date, an overwhelming majority of these

10  courts – including this District – have issued stays.  *See, e.g., Jaferian v. Merck & Co., Inc.*, Case

11  No. C-07-0066-JF (N.D. Cal. April 27, 2007) ("in view of the rulings of other courts on this issue,

12  and in the interest of judicial economy and consistency, the court will stay this action pending a

13  decision on transfer by the MDL panel."); *Johnson v. Merck & Co., Inc.*, Case No. C-07-00067-

14  WHA (N.D. Cal. Mar. 8, 2007) ("It would be an inefficient use of resources to unnecessarily

15  duplicate the efforts of the transferee judge, who will undoubtedly face most (if not all) of the same

16  issues in dealing with the other pending remand motions.  Staying the proceedings will best serve the

17  interest of judicial economy."); *Johnson v. Merck & Co., Inc.*, Case No. C-05-02881-MHP (N.D.

18  Cal. Oct. 3, 2005) ("the number of cases presenting issues similar to this action and the need for

19  judicial consistency with respect to those cases . . . favors staying this action pending its transfer to

20  MDL Proceeding No. 1657."); *McCrerey v. Merck*, Case No. 04-2576 WQH (S.D. Cal. March 2,

21  2005) ("judicial economy and consistency will be best served by a stay in this case, pending transfer

22  decision by the Judicial Panel on Multi-District Litigation."); *In the Matter of Civil Actions Against*

23  *Merck & Co., Inc.*, No. 6:05-cv-06659-DGL, Document 25 (W.D.N.Y. Mar. 1, 2006) (staying 70

24  Vioxx cases pending transfer to the MDL, holding "it is still the general rule . . . for federal courts to

25  defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred

26  the case to the MDL panel."); *Hatch v. Merck & Co., Inc.,* No. 05 Civ. 1252, 2005 WL 2436716, at

27  *2 (W.D. Tenn. Oct. 3, 2005) (granting Merck's stay holding that "having the . . . issues decided in

28  one proceeding will promote judicial economy and conserve judicial resources"); *see also Euell v.*

– 6 –

1   *Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court

2   finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's

3   Motion will be granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005),

4   slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL

5   coordination, the Court finds that staying proceedings will serve the interests of judicial economy.");

6   *Gaffney v. Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19,

7   2005) (same); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22,

8   2005) (same); *Lame Bull v. Merck & Co., Inc.*, No 05cv2465 (LKK) (E.D. Cal. Jan. 24, 2006); *In re:*

9   *Vioxx Product Liability Cases*, Lead Case No. 05cv0943DMS (LSP) (S.D. CA July 11, 2005)

10  (staying eighteen consolidated cases with remand motions pending).

11

12  **A.     Judicial Economy Mandates A Stay**

13

14          Granting a stay of proceedings here will promote judicial economy.  The purpose of

15  multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a

16  just and efficient manner.  *See* 28 U.S.C. 1407(a).  Where, as here, the MDL Panel has already

17  coordinated Vioxx product liability actions before Judge Fallon in the Eastern District of Louisiana,

18  there is no question that a stay of these proceedings will promote judicial economy.  *See Euell*, 2005

19  WL 2348487, at * 1 ("This case involves the same factual inquiries that are present in the other

20  hundreds of VIOXX cases . . . the Court . . . concludes that judicial economy weighs in favor of

21  granting the requested stay."); *see also Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at

22  *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D.

23  Kan. May 7, 2002).  See also *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.

24  1997) (holding the court should not expend limited resources "familiarizing itself with the intricacies

25  of a case that would be heard [for pre-trial purposes] by another judge.").

26

27          It is well settled that a district court is best served not expending resources "familiarizing

28  itself with the intricacies of an action that will be coordinated for pretrial management before a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   transferee judge." *Rivers*, 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*,

2   No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in

3   this case . . . the court would have to use judicial resources in making rulings . . . in a case over

4   which it might ultimately lose jurisdiction."). Granting a stay of this action pending its inevitable

5   transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery

6   and pretrial management efforts. *See Rivers*, 980 F. Supp. at 1360 ("any efforts on behalf of this

7   Court concerning case management will most likely have to be replicated by the judge assigned to

8   handle the consolidated litigation."); *see also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02

9   Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all

10  of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures

11  will be wasted.").

12

13  **B.    Merck Will Be Prejudiced Absent A Stay**

14

15      The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to

16  Plaintiff if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030,

17  92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice

18  and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of

19  a stay."). There are currently over 3,500 Vioxx actions being coordinated in MDL-1657. If

20  individual district courts allowed cases to proceed in the short window between the time cases were

21  filed in or removed to individual federal district courts and they were transferred to Judge Fallon,

22  Merck would face a substantial and unnecessary burden. Plaintiffs would be free to pursue a

23  strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the

24  period of weeks it takes for cases that inarguably meet the §1407 transfer standard to be transferred

25  to Judge Fallon's court. Judge Fallon has established detailed protocols to manage the litigation

26  through the disposition motion phase. Merck should not be forced to engage in unnecessary and

27  duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241,

28  2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

1    of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also Gorea*,

2    2005 WL 2372440, at * 1  ("whereas without a stay [pending transfer to the MDL court], the burden

3    on Gillette of having to . . . engage in limited discovery . . . would be significant.").

4

5    **C.       Plaintiff Will Not Suffer Prejudice or Inequity If A Stay Were Granted**

6

7        The potential prejudice to Plaintiff if the action is stayed is non-existent.  Plaintiff has

8    expended limited resources to date; this action is still in its infancy, and discovery has not yet begun.

9    Whatever limited discovery could take place in the next several weeks will be wholly subsumed and

10   superseded by the discovery that has taken place or will take place in the MDL.  Thus, Plaintiff will

11   not suffer prejudice as a result of a stay.

12

13                          **IV.      CONCLUSION**

14

15       For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay

.16  all proceedings in this case pending transfer to the MDL proceeding that has been established in the

17   Eastern District of Louisiana.

18

19   DATED:  January 3, 2008              REED SMITH LLP

20

21                                        By
                                             Tiffany Renee Thomas
22                                           Attorney for Defendant
                                             Merck & Co., Inc.

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING A DECISION ON TRANSFER BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION