1  Michael K. Brown (SBN 104252)
   Thomas J. Yoo (SBN 174118)
2  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
3  Los Angeles, CA  90071
   Telephone:     213.457.8000
4  Facsimile:     213.457.8080
   Email  mkbrown@reedsmith.com
5          tyoo@reedsmith.com

6  Steven J. Boranian (SBN 174183)
   Tiffany Renee Thomas (SBN 239085)
7  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
8  San Francisco, CA  94111-3922
   Telephone:     415.543.8700
9  Facsimile:     415.391.8269
   Email: sboranian@reedsmith.com
10         tthomas@reedsmith.com

11 Attorneys for Defendant
   Merck & Co., Inc.
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14

15 GEORGE WEST                          Case No. 3:07-cv-06270-JSW

16              Plaintiff,

17      vs.                             **DECLARATION OF TIFFANY RENEE
                                        THOMAS IN SUPPORT OF MERCK & CO.,
18 MERCK & COMPANY, INC., a corporation; INC.'S REPLY IN SUPPORT OF ITS
   MCKESSON CORPORATION, a corporation;  MOTION TO STAY**
19 and DOES 1 to 100, inclusive,

20              Defendants.             Hearing Date: February 8, 2008
                                        Time:          9:00 a.m.
21                                      Courtroom:     2, 17th floor
                                        Compl. Filed: November 9, 2007
22                                      Trial Date:    None Set

23                                      Honorable Jeffrey S. White

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I, Tiffany Renee Thomas, declare:

1.     I am an attorney duly admitted to practice law in the State of California and an attorney at Reed Smith LLP, counsel in this action for defendant Merck & Co., Inc. ("Merck"). I have personal knowledge of the facts set forth in this declaration and for those matters for which I do not have personal knowledge, I am informed and believe they are true.

2.     On January 18, 2008, the Judicial Panel on Multidistrict Litigation conditionally transferred the present action to the Eastern District of Louisiana.  Exhibit "A" is a true and correct copy of the Conditional Transfer Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: January 25, 2008

_____
Tiffany Renee Thomas

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 2 -

DECLARATION IN SUPPORT OF MERCK & CO., INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY

# EXHIBIT A



**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

| | | | |
|---|---|---|---|
| **CHAIRMAN:** | **MEMBERS:** | | **DIRECT REPLY TO:** |
| Judge John G. Heyburn II | Judge D. Lowell Jensen | Judge Kathryn H. Vratil | |
| United States District Court | United States District Court | United States District Court | Jeffery N. Lüthi |
| Western District of Kentucky | Northern District of California | District of Kansas | Clerk of the Panel |
| | | | One Columbus Circle, NE |
| | Judge J. Frederick Motz | Judge David R. Hansen | Thurgood Marshall Federal |
| | United States District Court | United States Court of Appeals | Judiciary Building |
| | District of Maryland | Eighth Circuit | Room G-255, North Lobby |
| | | | Washington, D.C. 20002 |
| | Judge Robert L. Miller, Jr. | Judge Anthony J. Scirica | |
| | United States District Court | United States Court of Appeals | Telephone: [202] 502-2800 |
| | Northern District of Indiana | Third Circuit | Fax:         [202] 502-2888 |
| | | | http://www.jpml.uscourts.gov |

January 18, 2008

TO INVOLVED COUNSEL


Re:  MDL No. 1657 -- IN RE: Vioxx Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-128)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

> **NOTICE OF OPPOSITION DUE ON OR BEFORE:  _February 4, 2008_   (4 p.m. EST)**
> (Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By

Docket Specialist

Attachments

JPML Form 39

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JAN 18 2008**

FILED
CLERK'S OFFICE

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1657

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-128)

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 360 F.Supp.2d 1352 (J.P.M.L. 2005). Since that time, 6,601 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Page 1 of 2

**IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**                 MDL No. 1657

### SCHEDULE CTO-128 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **CALIFORNIA NORTHERN** | |
| CAN 3 07-6270 | George West v. Merck & Co., Inc., et al. |
| | |
| **DISTRICT OF COLUMBIA** | |
| DC 1 07-2270 | Legirtha Brown, et al. v. Merck & Co., Inc. |
| DC 1 07-2271 | Willie Mae Proby, et al. v. Merck & Co., Inc. |
| DC 1 07-2272 | Diana Lehmann, et al. v. Merck & Co., Inc. |
| DC 1 07-2274 | Mary Pennington, et al. v. Merck & Co., Inc. |
| DC 1 07-2275 | John King, et al. v. Merck & Co., Inc. |
| DC 1 07-2276 | Cheryl Cuthbert, et al. v. Merck & Co., Inc. |
| DC 1 07-2278 | Betty L. Simmons, et al. v. Merck & Co., Inc. |
| DC 1 07-2281 | Richard Matos, et al. v. Merck & Co., Inc. |
| DC 1 07-2282 | Denise E. Koenig, et al. v. Merck & Co., Inc. |
| DC 1 07-2283 | Shirley Truscott, et al. v. Merck & Co., Inc. |
| DC 1 07-2284 | Patricia Haynes, et al. v. Merck & Co., Inc. |
| DC 1 07-2285 | Joseph Slawinski, et al. v. Merck & Co., Inc. |
| DC 1 07-2286 | Gloria Hendricks, et al. v. Merck & Co., Inc. |
| DC 1 07-2287 | Tina Koenigsfeld, et al. v. Merck & Co., Inc. |
| DC 1 07-2288 | Sherri Lynn Miller, et al. v. Merck & Co., Inc. |
| DC 1 07-2290 | Joyce C. Vidmar, et al. v. Merck & Co., Inc. |
| DC 1 07-2291 | Kevin L. Miller, et al. v. Merck & Co., Inc. |
| DC 1 07-2292 | Azariah Asante, et al. v. Merck & Co., Inc. |
| DC 1 07-2294 | Willese Demps, et al. v. Merck & Co., Inc. |
| | |
| **FLORIDA MIDDLE** | |
| FLM 2 07-847 | Helen Siegel v. Merck & Co., Inc. |
| FLM 2 07-848 | Michael U. McDermott v. Merck & Co., Inc. |
| | |
| **FLORIDA SOUTHERN** | |
| FLS 0 07-61921 | Lerene Campbell v. Merck & Co., Inc. |
| | |
| **MARYLAND** | |
| MD 1 07-3354 | Jimmy Lockhart, etc. v. Merck & Co., Inc. |
| MD 1 07-3369 | Pearly Christie, et al. v. Merck & Co., Inc. |

**MDL No. 1657 - Schedule CTO-128 Tag-Along Actions (Continued)**

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **MISSISSIPPI NORTHERN** | |
| MSN 1 07-319 | Shirley Heard, et al. v. Merck & Co., Inc. |
| | |
| **MISSISSIPPI SOUTHERN** | |
| MSS 2 07-362 | Cassie Graham, et al. v. Merck & Co., Inc. |
| MSS 2 07-363 | Louis Nelson, et al. v. Merck & Co., Inc. |
| MSS 2 07-364 | Doris Easterling, et al. v. Merck & Co., Inc. |
| MSS 3 07-725 | Janet Avant, et al. v. Merck & Co., Inc., et al. |
| | |
| **NORTH CAROLINA EASTERN** | |
| NCE 5 07-480 | Barbara F. Lawrence v. Merck & Co., Inc. |
| | |
| **NEW YORK WESTERN** | |
| NYW 6 07-6612 | Tracy G. Civitillo, etc. v. Merck & Co., Inc., et al. |

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:    CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

IN RE: VIOXX MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1657

## INVOLVED COUNSEL LIST (CTO-128)

John Amato, IV
GOODMAN MEAGHER & ENOCH
111 North Charles Street
7th Floor
Baltimore, MD 21201

John H. Anderson
713 Arledge Street
Hattiesburg, MS 39401-6077

Bill B. Berke
BERKE & LUBELL PA
1003 Del Prado Blvd.
Suite 300
Cape Coral, FL 33990

Turner W. Branch
BRANCH LAW FIRM
1424 K Street, NW
6th Floor
Washington, DC 20005

Anthony G. Brazil
MORRIS POLICH & PURDY LLP
1055 West Seventh Street
24th Floor
Los Angeles, CA 90017-2503

Michael K. Brown
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514

Robert J. Burford
BURFORD & LEWIS PLLC
411 W. Chapel Hill Street
Suite 1106
Durham, NC 27701

Luke Dove, Jr.
DOVE & CHILL
4266 I-55 North
Suite 108
Jackson, MS 39211

Joshua C. Ezrin
AUDET & PARTNERS LLP
221 Main Street
Suite 1460
San Francisco, CA 94105

Bruce F. Gilpatrick
HEIDELL PITTONI MURPHY & BACH LLP
99 Park Avenue
New York, NY 10016

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482

Russ M. Herman
HERMAN HERMAN KATZ & COTLAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113-1116

Alyson B. Jones
BUTLER SNOW O'MARA STEVENS &
CANNADA PLLC
P.O. Box 22567
Jackson, MS 39225-2567

Norman C. Kleinberg
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482

Shane F. Langston
LANGSTON & LANGSTON PLLC
201 North President Street
Jackson, MS 39201

Katherine Leong
WILLIAMS & CONNOLLY
725 12th Street, NW
Washington, DC 20005

Stephen D. Martin
NELSON MULLINS RILEY &
SCARBOROUGH LLP
GlenLake One
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612

John Brian T. Murray, Jr.
SQUIRE SANDERS & DEMPSEY LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198

Scott Poisson
BERNSTEIN & MARYANOFF
15055 SW 122nd Avenue
Miami, FL 33186

Alison B. Riddell
REED SMITH LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

Paul F. Strain
VENABLE LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, MD 21201-2978

Theresa M. Walsh
BROWN & CHIARI LLP
5775 Broadway
Lancaster, NY 14086

Paul A. Weykamp
LAW OFFICES OF PAUL A WEYKAMP
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030

Phillip A. Wittmann
STONE PIGMAN WALTHER & WITTMANN
546 Carondelet Street
New Orleans, LA 70130-3588